IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

|  |  |
|---|---|
| LORD & TAYLOR, LLC, <u>et</u> <u>al.</u>, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 8:13-cv-01912-RWT |
| WHITE FLINT, LP, n/k/a WHITE FLINT MALL, LLLP, <u>et</u> <u>al.</u>, | ) |
| Defendants. | ) |

**ANSWER TO SECOND AMENDED COMPLAINT**

Defendants White Flint, LP, n/k/a White Flint Mall, LLLP ("White Flint")[1] and Alan Gottlieb, by counsel, hereby answer the Second Amended Complaint filed by Plaintiffs Lord & Taylor, LLC and LT Propco LLC (together, "Lord & Taylor"),[2] stating as follows:

**Parties**

1.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1 of the Second Amended Complaint and, therefore, deny the same.

2.  Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 of the Second Amended Complaint and, therefore, deny the same.

3.  Defendants deny the allegations in Paragraph 3 of the Second Amended Complaint. Pleading further, Defendants state that White Flint is a Maryland limited liability limited partnership.

---

[1] White Flint, LP changed its name to White Flint Mall, LLLP in 2002.

[2] Defendants reserve all rights with respect to Lord & Taylor, LLC's standing in this matter. The claims in this action concern the rights of the parties to the REA, and Lord & Taylor, LLC is not a party to the REA.

1

White Flint's partners are (i) Lerner Enterprises, LLC, (ii) Tower MD Holdings, LLC, (iii) Gary M. Abramson, (iv) Ronald D. Abramson, (v) Lawrence E. Lerner, (vi) Iris C. Lerner, and (vii) various Abramson and Lerner family trusts.  The individual partners and family trusts are all residents of Maryland or Washington, DC.  The members of Lerner Enterprises, LLC are Mark D. Lerner, Debra Lerner Cohen, Marla Lerner Tanenbaum, and several Lerner family trusts.  All of these members are residents of Maryland or Washington, DC.  Tower MD Holdings, LLC's sole member is Tower Real Estate Group, LLC.  The members of Tower Real Estate Group, LLC are several Abramson family trusts, all of which are residents of Maryland or Washington, DC.

4. Defendants admit the allegations in Paragraph 4 of the Second Amended Complaint.

## Jurisdiction

5. The allegations in Paragraph 5 of the Second Amended Complaint are legal conclusions to which no response is required.

## Venue

6. The allegations in Paragraph 6 of the Second Amended Complaint are legal conclusions to which no response is required.

## Facts

7. Defendants admit that the partners of White Flint entered into a partnership agreement on or around January 2, 1975, and that Exhibit E to the Second Amended Complaint appears to be a copy of that agreement.  Defendants state that the partnership agreement speaks for itself, and, therefore, to the extent that Paragraph 7 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of that agreement, Defendants deny those allegations.

2

8. Defendants state that the White Flint partnership agreement speaks for itself, and, therefore, to the extent that Paragraph 8 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of that agreement, Defendants deny those allegations.

9. Defendants admit the allegations in the first sentence of Paragraph 9 of the Second Amended Complaint and that Exhibit A appears to be a true and correct copy of the Construction Operation and Reciprocal Easement Agreement (the "REA").

10. Defendants state that the REA speaks for itself, and, therefore, to the extent that Paragraph 10 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations. Defendants admit that Bloomingdale's was owned by Federated Department Stores, Inc. at the time the REA was executed.

11. Defendants admit the allegations in Paragraph 11 of the Second Amended Complaint.

12. Defendants admit the allegations in Paragraph 12 of the Second Amended Complaint.

13. Defendants state that the REA speaks for itself. To the extent that Paragraph 13 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

14. Defendants state that the REA speaks for itself. To the extent that Paragraph 14 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

15. Defendants state that the REA speaks for itself. To the extent that Paragraph 15 of the Second Amended Complaint (including footnote 4) purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

16. Defendants state that the REA speaks for itself. To the extent that Paragraph 16 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

17. Defendants state that the REA speaks for itself. To the extent that Paragraph 17 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

18. Defendants deny the allegations in Paragraph 18 of the Second Amended Complaint. Pleading further, Defendants state that the REA speaks for itself. To the extent that Paragraph 18 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

19. Defendants deny the allegations in Paragraph 19 of the Second Amended Complaint. Pleading further, Defendants state that the REA speaks for itself. To the extent that Paragraph 19 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

20. Defendants admit that Lord & Taylor has operated at the White Flint Mall since constructing its store. Defendants deny the remaining allegations in Paragraph 20 of the Second Amended Complaint.

21. Defendants admit that White Flint submitted a sketch plan to Montgomery County in February 2012 and that Exhibit B to the Second Amended Complaint appears to be a true and correct copy of the sketch plan. Pleading further, Defendants state that the sketch plan speaks for itself and, therefore, to the extent that Paragraph 21 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the sketch plan, Defendants deny those allegations.

22. Defendants state that the sketch plan speaks for itself. To the extent that Paragraph 22 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the sketch plan, Defendants deny those allegations.

23. Defendants state that the sketch plan speaks for itself. To the extent that Paragraph 23 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the sketch plan, Defendants deny those allegations.

24. Defendants state that the sketch plan speaks for itself. To the extent that Paragraph 24 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the sketch plan, Defendants deny those allegations.

25. Defendants state that the sketch plan speaks for itself. To the extent that Paragraph 25 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the sketch plan, Defendants deny those allegations.

26. Defendants deny the allegations in Paragraph 26 of the Second Amended Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Second Amended Complaint.

28. Defendants state that Lord & Taylor sent White Flint the letter attached as Exhibit C to the Second Amended Complaint, which speaks for itself. Defendants deny the remaining allegations in Paragraph 28 of the Second Amended Complaint.

29. Defendants state that White Flint responded to Lord & Taylor's March 9, 2012, letter with a letter dated March 23, 2012, signed by Alan Gottlieb in his capacity as chief operating officer of White Flint's managing agent, and that Exhibit F to the Second Amended Complaint appears to be a true and correct copy of that letter. Defendants state that the March 23, 2012, letter speaks for itself and, therefore, to the extent that Paragraph 29 of the Second Amended Complaint purports to characterize the

contents, intent, or meaning of the letter, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 29 of the Second Amended Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Second Amended Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Second Amended Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Second Amended Complaint.

33. Defendants state that White Flint retained Street-Works Development, LLC ("Street-Works") at Lord & Taylor's request and that representatives of Street-Works, Lord & Taylor, and White Flint met over a period of months in late 2012 and in 2013 to discuss the planned redevelopment. Defendants deny the remaining allegations in Paragraph 33 of the Second Amended Complaint.

34. Defendants state that, in conjunction with their meeting, White Flint provided Lord & Taylor and Street-Works with copies of redevelopment plans, which speak for themselves. To the extent that Paragraph 34 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of those plans, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 34 of the Second Amended Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Second Amended Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Second Amended Complaint.

37. Defendants admit that Lord & Taylor sent White Flint a copy of the letter attached as Exhibit D to the Second Amended Complaint. Pleading further, Defendants state that the letter speaks for itself, and, therefore, to the extent that Paragraph 37 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the letter, Defendants deny those allegations.

38. Defendants state that White Flint did not respond in writing to the letter attached as Exhibit D to the Second Amended Complaint, but deny that any response was required. Defendants deny the remaining allegations in Paragraph 38 of the Second Amended Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Second Amended Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Second Amended Complaint.

41. The allegations in Paragraph 41 of the Second Amended Complaint are legal conclusions to which no response is required.

## Count I
## Declaratory Judgment

42. Defendants incorporate by reference their answers to Paragraphs 1-41 of the Second Amended Complaint as if fully set forth herein.

43. Defendants state that the REA speaks for itself, and, therefore, to the extent that Paragraph 43 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 43 of the Second Amended Complaint.

44. Defendants admit that Lord & Taylor sent White Flint the letter attached as Exhibit D to the Second Amended Complaint, which speaks for itself. To the extent that Paragraph 44 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the letter, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 44.

45. Defendants state that White Flint is proceeding with the redevelopment, but deny that the redevelopment violates the REA. Defendants deny the remaining allegations in Paragraph 45 of the Second Amended Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Second Amended Complaint.

47. To the extent that Paragraph 47 of the Second Amended Complaint contains pleaded allegations, Defendants deny that Plaintiffs are entitled to any relief in this matter.

## Count II
### Specific Performance and Enforcement of the Restrictive Covenants and Request for Preliminary Injunction

48. Defendants incorporate by reference their answers to Paragraphs 1-47 of the Second Amended Complaint as if fully set forth herein.

49. In light of the Court's December 20, 2013, Order (the "Order") granting partial summary judgment in favor of White Flint and dismissing Count II with prejudice, the allegations in Paragraph 49 are immaterial and irrelevant and, accordingly, no reply is required.

50. In light of the Order, the allegations in Paragraph 50 are immaterial and irrelevant and, accordingly, no reply is required.

51. In light of the Order, the allegations in Paragraph 51 are immaterial and irrelevant and, accordingly, no reply is required.

52. In light of the Order, the allegations in Paragraph 52 are immaterial and irrelevant and, accordingly, no reply is required.

53. In light of the Order, the allegations in Paragraph 53 are immaterial and irrelevant and, accordingly, no reply is required.

54. In light of the Order, the allegations in Paragraph 54 are immaterial and irrelevant and, accordingly, no reply is required.

55. In light of the Order, the allegations in Paragraph 55 are immaterial and irrelevant and, accordingly, no reply is required.

56.     In light of the Order, the allegations in Paragraph 56 are immaterial and irrelevant and, accordingly, no reply is required.

57.     In light of the Order, the allegations in Paragraph 57 are immaterial and irrelevant and, accordingly, no reply is required.

## Count III
### (Alternatively)
### Breach of Contract – Lord & Taylor's Consent and Property Rights

58.     Defendants incorporate by reference their answers to Paragraphs 1-57 of the Second Amended Complaint as if fully set forth herein (including with respect to footnote 5). To the extent that footnote 5 contains pleaded allegations, those allegations are denied.

59.     Defendants state that the REA speaks for itself, and, therefore, to the extent that Paragraph 59 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

60.     Defendants state that the REA speaks for itself, and, therefore, to the extent that Paragraph 60 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

61.     Defendants state that the REA speaks for itself, and, therefore, to the extent that Paragraph 61 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

62.     Defendants state that the REA speaks for itself, and, therefore, to the extent that Paragraph 62 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

63.     Defendants admit that the REA was recorded among the land records of Montgomery County, Maryland.  Pleading further, Defendants state that the REA speaks for itself, and, therefore, to the extent that Paragraph 63 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

64.     The allegations in Paragraph 64 of the Second Amended Complaint are legal conclusions to which no response is required.

65.     Defendants deny the allegations in Paragraph 65 of the Second Amended Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Second Amended Complaint.

67.     Defendants deny the allegations in Paragraph 67 of the Second Amended Complaint.

68.     Defendants deny the allegations in Paragraph 68 of the Second Amended Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Second Amended Complaint.

**Count IV**
**(Alternatively)**
**Breach of Contract – Demolishing the Site and Redeveloping the Property**

70.     Defendants incorporate by reference their answers to Paragraphs 1-69 of the Second Amended Complaint as if fully set forth herein.

71.     Defendants state that the REA speaks for itself, and, therefore, to the extent that Paragraph 71 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 71 of the Second Amended Complaint.

72.     Defendants state that the REA speaks for itself, and, therefore, to the extent that Paragraph 72 of the Second Amended Complaint purports to characterize the contents, intent, or

meaning of the REA, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 72 of the Second Amended Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Second Amended Complaint.

**Count V**
**Interference with Easements – Injunction**
**(Lord & Taylor's Two Story Parking Garage and Elevated Pedestrian Bridge)**
**(Alternatively)**

74. Defendants incorporate by reference their answers to Paragraphs 1-73 of the Second Amended Complaint as if fully set forth herein.

75. Defendants state that the REA speaks for itself, and, therefore, to the extent that Paragraph 75 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

76. Defendants admit that the REA was recorded among the land records of Montgomery County, Maryland.  To the extent that the Easements referred to include easements not specified in the REA, Defendants deny the allegations in Paragraph 76 of the Second Amended Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Second Amended Complaint.

78. Defendants state that the REA speaks for itself, and, therefore, to the extent that Paragraph 78 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 78 of the Second Amended Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Second Amended Complaint.

80. Defendants deny the allegations in the first sentence of Paragraph 80 of the Second Amended Complaint.  The allegations in the second sentence of Paragraph 80 are legal conclusions to which no response is required.  To the extent Lord & Taylor's request for relief in the third sentence of

Paragraph 80 is deemed to contain pleaded allegations, Defendants deny that Lord & Taylor is entitled to any relief in this matter.

**Count VI**
**Interference with Easements – Damages**
**(Alternatively)**

81.     Defendants incorporate by reference their answers to Paragraphs 1-80 of the Second Amended Complaint as if fully set forth herein.  To the extent that footnote 6 contains pleaded allegations, those allegations are denied.

82.     Defendants state that the REA speaks for itself, and, therefore, to the extent that Paragraph 82 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

83.     Defendants state that the REA speaks for itself, and, therefore, to the extent that Paragraph 83 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

84.     Defendants admit that the REA was recorded among the land records of Montgomery County, Maryland.  To the extent that the Easements referred to include easements not specified in the REA, Defendants deny the allegations in Paragraph 84 of the Second Amended Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Second Amended Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Second Amended Complaint.

**Count VII**
**Fraud**
**(Alternatively)**

87.     Defendants incorporate by reference their answers to Paragraphs 1-86 of the Second Amended Complaint as if fully set forth herein.

88.     Defendants state that the March 23, 2012, letter speaks for itself and, therefore, to the extent that Paragraph 88 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the letter, Defendants deny those allegations. Defendants deny the remaining allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89 of the Second Amended Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Second Amended Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Second Amended Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Second Amended Complaint.

93.     Defendants deny the allegations in Paragraph 93 of the Second Amended Complaint.

**Count VIII
Unjust Enrichment
(Alternatively)**

94.     Defendants incorporate by reference their answers to Paragraphs 1-93 of the Second Amended Complaint as if fully set forth herein.

95.     Defendants state that the REA speaks for itself, and, therefore, to the extent that Paragraph 95 of the Second Amended Complaint purports to characterize the contents, intent, or meaning of the REA, Defendants deny those allegations.

96.     Defendants deny the allegations in Paragraph 96 of the Second Amended Complaint.

97.     Defendants deny the allegations in Paragraph 97 of the Second Amended Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Second Amended Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Second Amended Complaint.

100.    Defendants deny the allegations in Paragraph 100 of the Second Amended Complaint.

## Count IX
## Trespass and Conversion
## (Alternatively)

101. Defendants incorporate by reference their answers to Paragraphs 1-100 of the Second Amended Complaint as if fully set forth herein.

102. The allegations in Paragraph 102 of the Second Amended Complaint are legal conclusions to which no response is required.

103. Defendants deny the allegations in Paragraph 103 of the Second Amended Complaint.

104. Defendants deny the allegations in Paragraph 104 of the Second Amended Complaint.

105. Defendants deny the allegations in Paragraph 105 of the Second Amended Complaint.

To the extent that the paragraph in the Second Amended Complaint following Paragraph 105 that begins "WHEREFORE" is deemed to contain pleaded allegations, Defendants deny that Plaintiffs are entitled to any relief in this matter.

Any allegation in the Second Amended Complaint not specifically admitted above is hereby denied.

In addition to the answers above, Defendants allege the following affirmative defenses:

## AFFIRMATIVE DEFENSES

1. The Second Amended Complaint fails to state a claim upon which relief can be granted.

2. Count II of the Second Amended Complaint is barred by the Court's December 20, 2013, Order.

3. Plaintiffs' claims are barred by the express terms of the REA.

4. Plaintiffs' claims are barred by the doctrine of changed circumstances.

5. Plaintiffs' claims are barred for lack of standing.

6. Plaintiffs' claims are barred because they are subject to an agreement to arbitrate.

7. Plaintiffs' claims are barred by the doctrine of laches.

8. Plaintiffs' claims are barred by Plaintiffs' own material breaches of the REA.

9. Plaintiffs' claims are barred by the statute of limitations.

10. Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

11. Plaintiffs' claims are barred by the doctrine of unclean hands.

12. The Second Amended Complaint is barred, in whole or in part, because Plaintiffs have suffered no damages.

13. The Second Amended Complaint is barred, in whole or in part, as moot.

Defendants expressly reserve the right to amend their defenses or to plead additional defenses as discovery proceeds.

WHEREFORE, Defendants respectfully request that this Court (i) deny any and all relief to Plaintiffs; (ii) enter judgment on all counts of the Second Amended Complaint in Defendants' favor; and (iii) grant Defendants such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Defendants demand a trial by jury on all triable issues.

Respectfully submitted,

KATTEN MUCHIN ROSENMAN LLP

By: /s/ S. Scott Morrison
S. Scott Morrison (Bar No. 06540)
David C. Rohrbach (*admitted pro hac vice*)
2900 K Street, N.W.
North Tower – Suite 200
Washington, D.C.  20007
(202) 625-3500 / (202) 298-7570 (fax)
scott.morrison@kattenlaw.com
david.rohrbach@kattenlaw.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 8th day of July 2014, a true copy of the foregoing Answer to Second Amended Complaint was served electronically through the CM/ECF system on:

>David G. Barger
>Kevin B. Bedell
>Michelle D. Gambino
>Greenberg Traurig, LLP
>1750 Tysons Boulevard, Suite 1200
>McLean, VA  22102
>bargerd@gtlaw.com
>bedellk@gtlaw.com
>gambinom@gtlaw.com
>
>*Counsel for Plaintiffs*

>/s/ S. Scott Morrison
>S. Scott Morrison