IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| LORD & TAYLOR, LLC, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 8:13-cv-01912-RWT |
| WHITE FLINT, LP, n/k/a WHITE FLINT MALL, LLLP, et al. | ) ) ) ) | |
| Defendants. | ) ) | |

### **PLAINTIFFS' OPPOSITION TO WHITE FLINT'S MOTION TO EXCLUDE**

Plaintiffs oppose Defendant's Motion to prevent the jury from seeing evidence of the demolition that White Flint has just carried out over the last week on the Site and respectfully states as follows:

### **The Court Must Allow The Jury to See Evidence of Defendant's Breach**

1. White Flint is tearing down the mall and demolishing it. Now it wants to hide its actions from the jury and prevent them from seeing the very destruction of which Lord & Taylor is complaining. The Court should not indulge White Flint and allow it to hide the evidence of its breach and the evidence showing the rubble around which Lord & Taylor's store is being forced to operate.

2. White Flint misleads the Court and claims Plaintiffs should have produced the materials complained of earlier in this case. This, however, was **impossible,** and White Flint knows it, because these construction activities just took place last week. Lord & Taylor cannot produce evidence, including videos, reflecting things that have not yet occurred. Thus, White Flint's

argument that the videos should have been produced earlier lacks any merit whatsoever. It was White Flint—not Lord & Taylor—that chose to demolish the parking lots on the Site last week. Lord & Taylor has photographs and video depicting these recent activities, and the jury is entitled to see them. If White Flint did not want the jury to see what it was doing, which was in fact within the entire public domain to anyone walking along the street, then should have avoided knocking down and leveling these structures on the eve of trial.

3.   White Flint also claims it will be prejudiced but cannot articulate how as these actions shown in the videos were carried out by Defendant's own hand. The videos and pictures depict nothing other than the rubble White Flint has allowed the Site to be reduced to. The videos and pictures demonstrate exactly what Lord & Taylor's customers are seeing each day they enter into the Site in order to determine if they want to bother to shop at a department store that is surrounded by a construction nightmare. White Flint cannot seriously ask the Court with a straight face to exclude the very evidence showing what White Flint is doing on the site and allow the jurors to have some false impression of what the site actually looks like. Such a motion is akin to asking the Court in an assault case to exclude pictures and video showing the cuts, wounds, and bruises that have been incurred by the victim to a crime. Nevertheless, that is precisely what White Flint is advocating here. The Court must deny White Flint's request and allow this evidence to go to the jury.

4.   Lord & Taylor—not White Flint—is the only party that will be prejudiced if the evidence showing White Flint's **only week-old effort** to demolish the site is excluded. Lord & Taylor will call a witness to lay the foundation that what is shown in the videos has just taken place over the last week and can authenticate that the videos and pictures are a true and accurate depiction of the Site. To dispel any claim of prejudice to White Flint (of which there is none, since the

pictures merely reflect a product of their own actions), White Flint can also call witnesses to refute that the Site has been left in a pile of rubble and explain what the condition of the site is. Thus, there is no prejudice, and the jury has a right to see the videos showing the condition of the Site that is the very subject of this litigation.

5. As with everything, Defendant wants its cake and to eat it, too. Defendant claimed a jury view would not be proper because the site was in the middle of demolition. The Court recognized there were alternatives to the Site view, including photographs and videos. Now, Defendant is asking that even the alternatives showing its recent demolition efforts be excluded. Defendant cannot have it both ways. Either the jury has a right to view the Site first-hand, or it should be shown the videos and pictures illustrating the Site conditions within which Lord & Taylor's store must operate.

6. Finally, Defendant's Motion is riddled with contradiction. Defendant claims that parties should not be able to use evidence that was produced after the discovery deadline in December 2014. Yet, *a substantial amount of Defendant's own exhibits were only produced a month ago (7 months after the close of discovery)*—including an entire set of new concept drawings which White Flint claims it now may build. The Court, when faced with a motion to exclude Defendant's untimely evidence, did *not do so*.[1] The result, of course, should be uniform for both parties. Either all evidence produced after the discovery deadline is excluded from both parties' exhibit lists, or the evidence should proceed to the jury.

---

[1] Moreover, regarding the purported untimeliness, Defendant *just last week* moved to introduce a brand new witness, one week before trial, which necessitated the parties take a deposition. Despite the very late request, and the inconvenience which the request brought on the parties on the eve of trial, this Court permitted the witness and the deposition. The Court should, therefore, allow the jury to see the exhibits that are the subject of the Motion.

WHEREFORE, Lord & Taylor asks the Court to deny Defendant's Motion and allow the jury to see exactly what White Flint is doing on the Site that is at issue in this case.

Respectfully submitted,

Dated:  July 27, 2015

/s/
David G. Barger, Esq. (MD Bar No. 14716)
Kevin B. Bedell, Esq. (MD Bar No. 15513)
Michelle D. Gambino, *pro hac vice*
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1200
McLean, Virginia 22102
Tel.: (703) 749-1380
Fax: (703) 749-1381
bargerd@gtlaw.com
bedellk@gtlaw.com
gambinom@gtlaw.com

*Counsel for Lord & Taylor, LLC, et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 27, 2015, I caused a copy of the foregoing Opposition to be filed electronically with the Clerk of the Court using the CM/ECF system, and that service will thereby be accomplished on:

S. Scott Morrison, Esq.
David C. Rohrbach
KATTEN MUCHIN ROSENMAN, LLP
2900 K Street, NW
North Tower – Suite 200
Washington, D.C. 20007
Tel.: (202) 625-3500
Fax: (202) 298-7570
Scott.morrison@kattenlaw.com
David.rohrbach@kattenlaw.com

*Counsel for Defendant White Flint, L.P.*
*n/k/a White Flint Mall, LLLP*

                                           /s/
                             David G. Barger, Esq. (MD Bar No. 14716)
                             Kevin B. Bedell, Esq. (MD Bar No. 15513)
                             Michelle D. Gambino, *pro hac vice*
                             GREENBERG TRAURIG, LLP
                             1750 Tysons Blvd., Suite 1200
                             McLean, Virginia 22102
                             Tel.: (703) 749-1380
                             Fax: (703) 749-1381
                             bargerd@gtlaw.com
                             bedellk@gtlaw.com
                             gambinom@gtlaw.com

                             *Counsel for Lord & Taylor, LLC, et al.*