# JURY INSTRUCTIONS FOR
## LORD & TAYLOR, LLC, et al v. WHITE FLINT, LP., n/k/a
## WHITE FLINT MALL, LLLP, et al.

Ladies and gentlemen, before you begin your deliberations, I will give you my instructions on the law.  Please pay close attention and I will try to be as clear as possible.

It has been obvious to me and the attorneys that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.   Your interest never waned, and you have followed the testimony with close attention.

Please give me that same careful attention now as I give you my instructions on the law.

You have now heard all of the evidence in the case and will soon hear the final arguments of the attorneys for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and

decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you are required to take the law as I give it to you.  If any attorney states a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to

draw from the facts as you have determined them, and you determine the weight of the evidence

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the attorneys say in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said about a fact issue--or what I may say in these instructions--about a fact issue, evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiffs

have proven their case.  You are expressly to understand that I have no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges, and you are to perform the duty of finding the facts without bias or prejudice to any party.

In determining the facts, I remind you that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

In this case, the plaintiffs and the defendant are business entities. The mere fact that the parties are business entities does not mean they are entitled to any lesser consideration by you. All litigants are equal before the law, and business entities, big or small, are entitled to the same fair consideration as you would give any other individual party.

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of attorneys are not evidence, although you may

give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time I have been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, insofar as it was practicable, out of your hearing.  You should have no concern with the reasons for any such rulings, and you are not to draw any inferences from them.  Whether evidence offered is admissible is purely a question of law in my province and outside the province of the jury.  In admitting evidence to which objection has been made, I do not determine what weight should be given to such evidence, nor do I pass on the credibility of the evidence.  You must dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by me, and refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between me and the attorneys held out of your hearing or sight.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  The attorneys also have the right

6

and duty to ask me to make rulings of law and to request conferences at the bench out of the hearing of the jury. All those questions of law must be decided by me. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked me for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions. You must completely disregard any report which you have read in the press or on the internet, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

This is a civil case and, as such, the plaintiffs have the burden of proving the material allegations of their complaint by a preponderance of the evidence.

If after considering all of the testimony, you are satisfied that the plaintiffs have carried their burden on each essential point as to which they have the burden of proof, then you must find for the plaintiffs on their claims.  If, after such consideration, you find the testimony of both parties to be in balance or equally probable, then the plaintiffs have failed to sustain their burden and you must find for the defendant.

If upon a consideration of all the facts on the issue of the plaintiffs' claim for breach of contract you find that the plaintiffs have failed to sustain the burden cast upon them, then you should proceed no further and your verdict must be for the defendant.  If, however, you find that the plaintiffs have sustained their burden on this issue, then you should proceed to consider the issue of the defendant's defenses.  In this regard, the burden is upon the defendant to establish at least one of the affirmative defenses by a preponderance of the evidence.

If you determine that the defendant has sustained its burden of establishing at least one of the affirmative defenses, then you should proceed no further and your verdict must be for the defendant.  If, however, you find that the plaintiffs have established the essential elements of their case and that the defendant has not sustained its burden as to at least one of the affirmative defenses, then you should proceed to consider the issue of damages.

The party who asserts a claim or affirmative defense has the burden of proving it by what we call the preponderance of the evidence.

In order to prove something by a preponderance of the evidence, a party must prove that it is more likely so than not so.  In other words, a preponderance of the evidence means such evidence which, when considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that it is more likely true than not true.

In determining whether a party has met the burden of proof you should consider the quality of all of the evidence regardless of who

called the witness or introduced the exhibit and regardless of the number of witnesses which one party or the other may have produced.

If you believe that the evidence is evenly balanced on an issue, then your finding on that issue must be against the party who has the burden of proving it.

The evidence in this case is the sworn testimony of the witnesses, and the exhibits received in evidence.

By contrast, the questions of the attorneys are not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, an attorney may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the attorney's question.

The famous example of this is the attorney's question of a married witness:  "When did you stop beating your wife?"  You would not be permitted to consider as true the assumed fact that he ever beat his wife,

unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given.

Arguments by attorneys are not evidence, because they are not witnesses. What they say in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from their statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification, but not admitted, are not evidence, nor are materials brought forth only to refresh a witness' recollection.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence.  Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses--something he or she has seen, felt, touched, or heard.  Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence.  This is evidence which tends to prove a disputed fact by proof of other facts.  There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  As you know, this courtroom has no windows and you cannot look outside.  As you were sitting here, someone walked in with an umbrella which was dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.

But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

During the trial, you may have heard the attorneys use the term "inference," and in their arguments they may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiffs ask you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw--but not required to draw--from the facts which have been established by either direct or

circumstantial evidence.   In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

You have had the opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony.

15

How do you determine where the truth lies?  You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor--that is, his or her carriage, behavior, bearing, manner, and appearance while testifying?  Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness' memory, the witness' candor or lack of candor, the witness' intelligence, the reasonableness and probability of the witness' testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

In evaluating the credibility of the witnesses, you also should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive

to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

You may have heard evidence of discrepancies in the testimony of certain witnesses, and the attorneys may argue that such discrepancies are a reason for you to reject the testimony of those witnesses.

I instruct you that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his or her testimony and that of others do

not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself or herself.  It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony.  You should, as always, use common sense and your own good judgment.

You have heard evidence that at some earlier time a witness has said or done something that an attorney argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was placed before you for the more limited

purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself.  If you find that a witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to

testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

You have heard testimony of witnesses who were called by each side to give their opinions about various issues.

The witnesses who testified in this case did so in order to assist you in reaching a decision on those issues.

The testimony of these witnesses is in conflict.  They disagree. You must remember that you are the sole trier of the facts and their testimony relates to questions of fact; so, it is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses.  In addition, because they gave their opinions, you should consider the soundness of each opinion, the reasons for the opinion, and the witness' motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence. You should not permit a witness' opinion testimony to be a substitute for your own reason, judgment, and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are

unsound or, if you, for other reasons, do not believe the witness. The determination of the facts in this case rests solely with you.

In this case, the plaintiffs have sued the defendant, claiming that the defendant has violated the Reciprocal Easement Agreement between them, because [1] the defendant did not obtain their consent to the redevelopment of White Flint Mall; [2] the defendant is demolishing the mall that it is required to operate as a "first class high fashion regional shopping center" as part of an enclosed mall; and [3] the defendant is interfering with the plaintiffs' easement rights related to the shopping center.

To prevail on their contract claims, the plaintiffs must prove the following elements: [1] the defendant owed the plaintiffs a contractual obligation or obligations under the Reciprocal Easement Agreement; and [2] the defendant breached that obligation or obligations.

You will be provided with a special verdict form on which you will be asked to decide whether the plaintiffs have proven, by a preponderance of the evidence, that the defendant has violated the Reciprocal Easement Agreement in one or more of the ways that I just

described.   The defendant denies that it has violated the Reciprocal Easement Agreement.

If you conclude that the plaintiffs have proven, by a preponderance of the evidence, that the defendant has violated the Reciprocal Easement Agreement in one or more of the ways that I just described, you will then have to consider the defendant's defenses of [1] impossibility of performance due to changed circumstances, [2] waiver, and [3] estoppel.

In order to avail itself of the defense of impossibility of performance due to changed circumstances, the defendant must prove, by a preponderance of the evidence, that its performance of its obligations under the Reciprocal Easement Agreement has become impossible because a circumstance changed after the Reciprocal Easement Agreement was entered into that prevented accomplishment of its purposes.   Actual impossibility is not required.   What is required is a showing of impracticability because of extreme or unreasonable hardship, expense, injury or loss, but not because a supervening event made performance more expensive.   Impossibility is measured from an objective perspective, and not from the subjective viewpoint of the

defendant.  A contract is not impossible to perform if the party has the choice of performing it in several ways and at least one of the options is possible.

In order to prevail on this defense, the defendant must prove that it [1] did not take the risk that this circumstance would occur; [2] could not reasonably have foreseen that this circumstance would occur; and [3] did not help cause the circumstance to occur, or fail to prevent it from occurring, by acting in a reasonable manner.

In order to avail itself of the defense of waiver, the defendant must prove, by a preponderance of the evidence, that the plaintiffs waived the provisions of the Reciprocal Easement Agreement made for their benefit.  "Waiver" is the intentional relinquishment of a known right, and it may result from an express agreement or may be inferred from the circumstances.   Acts relied upon as constituting a waiver of the provisions of a contract must be inconsistent with an intention to insist upon enforcing the provisions.

In order to avail itself of the defense of estoppel, the defendant must prove, by a preponderance of the evidence, that the plaintiffs, by

words, conduct or silence, led the defendant to believe that they were excusing a breach or breaches and that the defendant changed its position to its detriment because of that belief.

If you conclude that the defendant has proven, by a preponderance of the evidence, that its performance of its obligations under the Reciprocal Easement Agreement became impossible because of a circumstance which occurred after the Reciprocal Easement Agreement was entered into, or that the plaintiffs' claims are barred by waiver or estoppel, then you must find for the defendant.

If you do not conclude that the defendant has proven, by a preponderance of the evidence, at least one of these three defenses, then you must consider what damages, if any, have been caused to the plaintiffs.

The damages, if any, that you award must have been proven with reasonable certainty, and cannot be based on speculation or guesswork.

Damages which are based on conjecture or are uncertain, contingent, or speculative in their nature cannot be made the basis of a recovery.

To afford a sufficient basis for estimating the amount of actual pecuniary damages with reasonable certainty, there must be evidence of their existence and extent.  One may recover only those damages that are affirmatively proved with reasonable certainty to have resulted as the natural, proximate, and direct effect of a defendant's breach.  Evidence of prospective damages must be in terms of the certain or probable, not of the possible; "probability" exists when there is more evidence in favor of a proposition than against it, whereas mere "possibility" exists when the evidence is anything less.  You may not form a judgment or conclusion on the basis of testimony which admits of mere possibility. The test to be applied is reasonable probability or reasonable certainty.

In this case, the Defendant has presented evidence of its plans for redevelopment of the White Flint mall property and the potentially positive effects of that future development on the Lord & Taylor store.

I have just instructed you that damages must be proved with reasonable probability or certainty.  Because of uncertainty of the evidence associated with both the timing and future financial success of the redevelopment as well as its possible impact on the net income of the

Lord & Taylor store, I instruct you that, in the event you decide to make an award of damages to the Plaintiffs for lost income, you may not reduce your award because of the potentially positive economic effects of the planned redevelopment.

A plaintiff has a duty to use reasonable efforts to reduce its damages, but is not required to accept the risk of additional loss or injury in these efforts.

A party harmed by a breach of contract is required by the "avoidable consequences" rule to undertake all reasonable efforts to minimize the loss it sustains as a result of the breach. The party harmed can charge the party in default with such damages only as, with reasonable endeavors and expense and without risk of additional substantial loss or injury, it could not prevent.

Since the party harmed is required only to make reasonable efforts to mitigate damages, it is under no obligation to attempt to reduce damages by expending large amounts of money or incurring substantial

obligations or abandoning a claim for damages, or sacrificing a substantial right.

Ordinarily, damages are not recoverable for a breach of contract if the consequences of the breach are avoidable. Losses from a breach of contract are not regarded as avoidable if the defendant itself prevents the plaintiff from taking the steps necessary to avoid the losses.

The plaintiffs are entitled to be placed in the same situation as if the contract had not been broken. The damages, therefore, are the profits the plaintiffs would have made had the contract been performed, along with any other expenses resulting from the breach. These damages are arrived at after deducting the amount that it would have cost the plaintiffs to have performed the contract.

In deciding upon the damages to be awarded for any future economic loss, you shall consider how far off in the future the plaintiffs will incur the loss, and the present cash value, if any, of the loss.

Present cash value means that amount of money needed now, which, when added to what that amount may reasonably be expected to

earn in the future by prudent investment, will equal the amount of the plaintiffs' loss.

In other words, the total anticipated future loss must be reduced to an amount, which if prudently invested at a particular rate of interest over the applicable number of years, will return an amount equal to the total anticipated future loss.

A party to a contract which has been broken may recover nominal damages of $1.00 even though it fails to prove that it suffered actual damages.

As you know, there are two plaintiffs in this case, Lord & Taylor, LLC and LT Propco, LLC.  If you make an award of damages to the plaintiffs, you should not concern yourself with how any possible award of damages will be shared between them.  You should essentially treat the two plaintiffs as a single entity.

After closing arguments, you will go into the jury room and begin your deliberations.  The exhibits will be brought into the jury room.

Any communication with me should be made to me in writing, signed by your foreperson, and given to one of the Court Security

Officers.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

In order to prevail, the plaintiffs and the defendant must sustain their burdens of proof as I have explained to you with respect to the plaintiffs' claim and the defendant's affirmative defenses.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.   Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

When you retire, Juror No. 1 shall act as your foreperson.  She will preside over your deliberations and speak for you here in open court when you return with your verdict.

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court Security Officer outside your door that you are ready to return to the courtroom to formally present your verdict.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.