# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LORD & TAYLOR, LLC,** *et al.*, | * |
| Plaintiffs, | * |
| v. | * Case No. RWT 13-cv-1912 |
| **WHITE FLINT, L.P.,** *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION AND ORDER

Over five years ago, Plaintiffs Lord & Taylor, LLC and LT Propco LLC ("Lord & Taylor") sued Defendant White Flint, L.P. ("White Flint") alleging that White Flint violated its agreement with Lord & Taylor to operate a mall by demolishing the building and vacating other tenants. ECF No. 1 ¶¶ 5–7, 12–13, 21–23. After a multi-week jury trial in 2015, Lord & Taylor secured a verdict of $31 million, which was affirmed by the Fourth Circuit. ECF Nos. 395, 440–41. Lord & Taylor subsequently filed its Bill of Costs, ECF No. 448, which the Clerk reviewed, ultimately awarding Lord & Taylor $109,033.08 of the requested $112,007.20, ECF No. 479 at 1–2. White Flint is now asking the Court to review the Clerk's Order Taxing Costs ("Clerk's Order"). ECF No. 480.

### 1. Standard of Review

Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Fourth Circuit has held that "the rule creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). Thus, "it is incumbent upon the unsuccessful party to show circumstances

sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (per curiam) (citing *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994)).

Title 28 U.S.C. § 1920 sets forth the costs that a judge or clerk of any United States court may award, including "[f]ees for printed or electronically recorded transcripts." 28 U.S.C. § 1920(2). To be taxable, a transcript must be "necessarily obtained for use in the case," *id.*, and "reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987). "[I]n determining whether to award deposition transcript costs, a court examines whether the deposition was reasonably necessary to the prevailing party's case at the time it was taken, not whether it was actually admitted at trial." *Simmons v. O'Malley*, 235 F. Supp. 2d 442, 443 (D. Md. 2002) (citing *LaVay*, 830 F.2d at 528) (awarding costs for deposition transcripts of parties and expert witnesses).

In this Court, under the *United States District Court for the District of Maryland Guidelines for Bills of Costs* (2013) ("*Guidelines*"), taxation of costs is entrusted to the Clerk in the first instance, but the Clerk's discretion to award costs is limited. *Id.* at 1. In the exercise of this discretion, the Clerk may not tax costs not permitted by statute, case law, or local guidelines. *Id.*

The court reviews de novo the Clerk's taxation of costs. *See* Fed. R. Civ. P. 54(d)(1); *Schwartz v. Rent-A-Wreck of Am.*, No. PJM 07-1679, 2016 WL 3906581, at *2 (D. Md. July 14, 2016). "Although the district court has the discretion to deny an award of costs, it must 'articulat[e] some good reason' for its denial." *Ellis*, 434 F. App'x at 235 (alteration in *Ellis*) (quoting *Cherry*, 186 F.3d at 446). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the

costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Id.* (citing *Cherry*, 186 F.3d at 446). In other words, there must "'be an element of injustice in a presumptive cost award.'" *Id.* (quoting *Cherry*, 186 F.3d at 446).

### 2. Analysis

The Court will not exercise its discretion to deny Lord & Taylor's Bill of Costs. The Court finds no basis to do so as the *Ellis* factors are not present in this case: (1) Lord & Taylor did not commit misconduct (nor does White Flint allege that it did); (2) White Flint has presented no evidence of its inability to pay the costs; (3) given the nature and length of the litigation and extensive discovery required, the costs are not excessive; (4) Lord & Taylor's jury verdict was significant; and (5) although White Flint argues that the Fourth Circuit opined on one issue of first impression, ECF No. 480-1 at 3, courts that have denied costs based on a case's closeness and difficulty "generally have done so following a lengthy trial that adjudicated novel issues." *Grochowski v. Sci. Applications Int'l Corp.*, No. ELH-13-3771, 2017 WL 121743, at *4 (D. Md. Jan. 12, 2017) (collecting cases).

To the extent White Flint objects to the Clerk's Order, having conducted a de novo review, the Court finds that the Clerk's taxation was appropriate. Among White Flint's principal objections are to the costs of deposition transcripts for Eugene Kahn, Lawrence Lerner, and Francine Waters. ECF No. 480-1 at 15. The Clerk denied Lord & Taylor these costs because the witnesses "were not noticed by Defendant, did not testify at trial, and the[] transcripts were not used in support of any motion." ECF No. 479 at 7–8. The Clerk correctly stated that "the list of examples of taxable deposition categories in the *Guidelines* is not exhaustive," but found that "the justification for these transcripts falls short of the reasonably necessary standard." *Id.* at 8.

Moreover, the Clerk noted that Lord & Taylor "did not respond to Defendant's challenges of these costs." *Id.*

The Court disagrees with the Clerk's analysis of these costs. In a footnote in its Reply in Support of its Bill of Costs ("Reply"), Lord & Taylor states that Lawrence Lerner was one of White Flint's party representatives, and Eugene Khan was one of White Flint's named experts. ECF No. 482-2 at 10 n.5. "Reasonable trial preparation . . . ordinarily includes review of the deposition transcripts of the parties and their experts, either to prepare one's own witnesses for cross-examination or to prepare to perform the cross-examination of the adverse party and her witnesses." *Simmons*, 235 F. Supp. 2d at 443. Accordingly, White Flint's objections to the costs of Mr. Lerner's and Mr. Khan's deposition transcripts are overruled, and the costs will be awarded.

In its Memorandum in Support of its Bill of Costs and Reply, Lord & Taylor asserts that Francine Waters was identified by White Flint as a person with knowledge of relevant facts. ECF Nos. 482-1 at 11, 482-2 at 10 n.5. White Flint concedes that Ms. Waters's deposition was reasonably necessary[1] but argues that it does not "fall within any of the taxable categories enumerated in the *Guidelines*." ECF No. 480-1 at 15. As noted in the Clerk's Order, however, the list of categories is "not exhaustive," ECF No. 479 at 8, and the *Guidelines* are not binding on this Court. Moreover, the deposition of an individual identified by the opposing party as possessing relevant information meets the *LaVay* standard of being reasonably necessary. Thus, in the absence of any evidence to the contrary, the cost of Ms. Waters's deposition transcript will be awarded.

---

[1] White Flint asserts that "a party must *both* show that a transcript was reasonably necessary *and* identify the taxable category within which it falls. Lord & Taylor has not done the latter with respect to . . . Ms. Waters." ECF No. 480 at 15 (emphasis in original).

Accordingly, it is, this 11th day of September, 2018, by the United States District Court for the District of Maryland hereby

**ORDERED**, that the Motion for Review of the Clerk's Order Taxing Costs [ECF No. 480] is **DENIED**; and it is further

**ORDERED**, that the Clerk's Order Taxing Costs [ECF No. 479] is **AFFIRMED** in part and **REVERSED** in part; and it is further

**ORDERED**, that Plaintiffs are **AWARDED** the full amount in the Bill of Costs ($112,007.20) [ECF No. 448]; and it is further

**ORDERED**, that the hearing on Defendant's Motion for Review of the Clerk's Order Taxing Costs currently scheduled for October 3, 2018 is **CANCELLED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE